IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SARAH MARIA PAULA ALICIA MOSELEY,  )
                                    )
    **Plaintiff,**                      )
                                    )
v.                                  )   Case No. 3:19-cv-00608
                                    )   Judge Richardson/Frensley
MEHARRY MEDICAL COLLEGE,            )
                                    )
    **Defendant.**                      )

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

This matter is before the Court upon a Motion for Temporary Restraining Order filed by Sarah Maria Paula Alicia Moseley, proceeding pro se. Docket No. 2. Ms. Moseley has also filed a Supporting Memorandum. Docket No. 3. Ms. Moseley alleges that Meharry Medical College ("MMC") has violated the Americans with Disabilities Act and its implementing legislation, 28 C.F.R. Chapter 36, by, among other things, assigning her to participate in a surgery clinical rotation located in Detroit, Michigan. Docket No.3. Ms. Moseley contends that:

> Movant is to load her car in Nashville, drive to Detroit (which will take her two days), unload her car, move into her Detroit lodging, and report for duty in Detroit first things Monday morning, August 19. Her stint in Detroit ends Friday, August 30. Movant is then to reload her car, drive back to Detroit, unload her car, and report to school at Meharry first thing Monday, September 2. Movant is physically incapable of doing this, because of her disability.

*Id.* at 9 (internal citation and paragraph numbering omitted). She contends that MMC is now requiring her to perform an additional rotation in Detroit as a form of retaliation, and is failing to provide reasonable accommodations related to entering the building, observing surgeries, and

obtaining scrubs. *Id.* at 5. Ms. Moseley also asserts that a reasonable accommodation is readily available: "[o]ther MMC students have been assigned to do the same portion of their surgical rotation at HCA/Southern Hills, in the Nashville area." Docket No. 2, p. 4.

Ms. Moseley asks the Court to order MMC to take various measures to provide her relief, including:

> (1) Immediately cancel its assignment of Movant to a surgical rotation clerkship at the Detroit medical institution.
>
> (2) Not reassign Movant to any surgical rotation clerkship at any location outside the Nashville area.
>
> (3) Immediately make a *good faith* effort to have Movant included in the cohort of Meharry Medical students who have been assigned to a surgical rotation clerkship at HCA/Southern Hills for August 13-30.
>
> . . .

*Id.* at 8 (emphasis in original).

MMC has not responded to the Motion. MMC has filed an Answer to the Complaint. Docket No. 11. In its Answer, MMC "admits that it provided Plaintiff with reasonable accommodations during her first two years of medical school" and "denies the characterization of those accommodations as 'sporadic.'" *Id.* at 2.

## II. LAW AND ANALYSIS

The moving party has the burden of proving that the circumstances "clearly demand" a temporary restraining order ("TRO") or preliminary injunction. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't.*, 305 F. 3d 566, 573 (6th Cir. 2002). The court must balance four factors in deciding whether to issue a TRO or preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury

without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Employees Ass'n. v. Schimmel*, 751 F. 3d 427, 430 (6th Cir. 2014) (internal quotation marks omitted). These four factors are "factors to be balanced, not prerequisites that must be met." *Michael v. Futhey*, 2009 WL 4981688, at *17 (6th Cir. Dec. 17, 2009), *quoting Six Clinic Holding Corp., II v. Cafcomp Systems*, 119 F. 3d 393, 400 (6th Cir. 1997).

Here, all four factors weigh toward granting Ms. Moseley's requested relief. First, she has a strong likelihood of success on the merits. She argues that MMC has violated the ADA by failing to provide her reasonable accommodations. Docket No. 1. "In the context of an educational environment, the ADA and the Rehabilitation Act require a covered school to offer reasonable accommodations for a student's known disability unless the accommodation would require 'an educational institution to lower or to effect substantial modifications of standards to accommodate a handicapped person.'" *Yaldo v. Wayne State Univ.*, 266 F. Supp. 3d 988, 1010 (E.D. Mich. 2017). Ms. Moseley alleges that she is a disabled person under the ADA and that MMC could reasonably accommodate her by allowing her, as it has allowed other students, to perform her surgical clerkship in Nashville rather than in Detroit. Docket No. 2, p. 4. Such a requested accommodation is likely to be found reasonable, particularly as MMC has not contested the matter, and has acknowledged in its Answer that it has previously provided Ms. Moseley with accommodations. *See* Docket No. 11, p. 2.

Second, Ms. Moseley alleges that she will suffer irreparable injury without the injunction. *Id.* at 2. She contends that MMC has effectively issued her an ultimatum:

> (1) Obey the school's orders to do two rotational clerkships in Detroit, accept its withholding of access to observation in the surgery operation theater, and accept its cancellation of previously granted reasonable accommodations, or

3

(2) Refuse to go to Detroit – and thus fail the surgical rotation altogether, or

(3) Drop out of medical school.

*Id.* at 6. Again, MMC has not contested the matter. Given these options, Ms. Mosely faces potentially life-changing consequences that could not be later remediated by the award of damages. This is the definition of an irreparable injury.

Regarding the third and fourth factors, Ms. Moseley alleges that there will be no hardship to MMC in granting her request for accommodation and that public interest and policy will be enhanced by the granting of a TRO in this situation because it will aid a student doctor in her quest to become a licensed physician. *Id.* at 2.

Given the information currently before the Court, including the lack of response by MMC, all four factors appear to weigh toward granting the TRO that Ms. Moseley requests.[1] For the foregoing reasons, the undersigned recommends that Ms. Moseley's Motion for Temporary Restraining Order (Docket No. 2) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

---

[1] Local Rule 7.01(a)(3) states that "[i]f a timely response is not filed, the motion shall be deemed to be unopposed . . . . "

Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

<u>*s/ Jeffery S. Frensley*</u>
JEFFERY S. FRENSLEY
United States Magistrate Judge