IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SARAH MARIA PAULA ALICIA MOSELEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MEHARRY MEDICAL COLLEGE, | ) ) |
| Defendant. | ) ) |

NO. 3:19-cv-00608
JUDGE RICHARDSON

## **ORDER**

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 13), Objections filed by the Defendant (Docket No. 15), and a Response to the Objections filed by Plaintiff (Doc. No. 20).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id*.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Response to Objections, and the file. The Report and Recommendation recommends that Plaintiff's Motion for a Temporary Restraining Order ("TRO") (Doc. No. 2) should be granted. The Court finds the Report and Recommendation to be well-taken, but the relief sought by Plaintiff in her Motion for a TRO is now moot.

**BACKGROUND**

Plaintiff Moseley filed this action against Defendant Meharry Medical College, alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). Although the Complaint cites to Title III of the ADA, Plaintiff's claim is not against an employer, but rather against a "public entity" and, therefore, falls under Title II of the ADA. 42 U.S.C. § 12132.[1]

Plaintiff alleges that Defendant failed to provide reasonable accommodations for her disability, discriminated against her because of her disability, and retaliated against her because she protested Defendant's ADA discrimination. The Complaint also alleges a claim for fraud. In requesting a TRO, Plaintiff contended that Defendant was requiring her to move to Detroit, Michigan for a surgical rotation clerkship, a move that would violate her ADA rights. Defendant did not oppose Plaintiff's Motion.

**TEMPORARY RESTRAINING ORDER STANDARD**

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Abney v. Amgen, Inc*., 443 F.3d 540, 546 (6th Cir. 2006). When determining whether to issue a TRO, a threat of an immediate, irreparable harm must be present. Fed. R. Civ. P. 65(b)(1)(A) (requiring a court to examine, on application for a TRO, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

---

[1] Defendant also cites to cases involving employers, which fall under Title III of the ADA, not Title II.

damage will result to the movant"). *Cunningham v. First Class Vacations, Inc.,* No. 3:16-CV-2285, 2019 WL 1306214, at *1 (M.D. Tenn. Jan. 11, 2019).

## ANALYSIS

The crux of Plaintiff's Motion for TRO was a request to preclude Defendant from requiring Plaintiff to participate in a surgical rotation clerkship in Detroit, Michigan, and to require Defendant to include Plaintiff in a surgical rotation clerkship in Nashville.[2] Plaintiff's duties in Detroit were scheduled to begin on August 19, 2019, and end on August 30, 2019. Thus, the clerkship from which Plaintiff sought relief is already complete, and the remedy Plaintiff sought is no longer available.

Noting that Defendant filed no opposition to Plaintiff's Motion, the Magistrate Judge found that all four factors for granting a TRO weighed in Plaintiff's favor. (Doc. No. 13 at 3). The Court does not disagree. Nonetheless, the alleged harm to Plaintiff is no longer immediate, and the relief sought by the TRO can no longer be effective.

Defendant's Objection to the Report and Recommendation includes no explanation or excuse for Defendant's not filing an opposition to Plaintiff's Motion for TRO. The Magistrate Judge rightly considered that Motion to be unopposed. In addition, Defendant's Objection fails to make *specific* objections to the Magistrate Judge's recommendations, as required by Fed. R. Civ. P. 72(b) and Local Rule 72.02(a).[3] Moreover, Defendant's Objection makes arguments attacking

---

[2] Although the Motion for TRO requested other relief (Doc. No. 2 at 8-9), the Court finds that none of the other requests for relief is sufficiently immediate or irreparable to justify a TRO. That is not to say that those requests could not be a subject for preliminary injunction, but they do not justify a TRO.

[3] "Such objections must be written [and] must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made." Local Rule 72.02(a).

the claims of Plaintiff's Complaint, not the Report and Recommendation, and argues essentially that Plaintiff's claims have no merit. Objections to a Report and Recommendation are not the means by which to make a dispositive motion.

For these reasons, the Report and Recommendation of the Magistrate Judge is accepted, but Plaintiff's Motion for Temporary Restraining Order (Doc. No. 2) is **DENIED AS MOOT**. The case is referred to the Magistrate Judge for customized case management.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE