# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| SARAH MARIA PAULA ALICIA MOSELEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL CASE NO. 03:19-cv-0608 |
| MEHARRY MEDICAL COLLEGE | ) JUDGE RICHARDSON |
| Defendant. | ) JURY DEMAND |

## DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY AND CASE MANAGEMENT CONFERENCE

For the following reasons, Meharry Medical College ("MMC") respectfully moves this Court to set an order for expedited discovery and an expedited case management conference.

## ARGUMENT

Fed. R. Civ. P. 26(d) provides for the timing of discovery and states in pertinent part as follows: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), **or when authorized by** these rules, by stipulation, or by **court order**." (Emphasis added). The Advisory Committee Notes to Rule 26(d) provide that discovery before the Rule 26(f) conference "will be appropriate in some cases, **such as those involving requests for a preliminary injunction** or motions challenging personal jurisdiction." Fed. R. Civ. P. 26(d) 1993 Advisory Committee Notes. (Emphasis added). The Sixth Circuit has no binding precedent which instruct how to evaluate a motion for expedited discovery. Nonetheless, courts within the Sixth Circuit have repeatedly endorsed the view that expedited discovery may be appropriate in

1

cases in which a preliminary injunction is sought. (*See, e.g.*, *S.E.C. v. Wilson*, 2012 WL 5874456 (E.D.Mich. Nov.20, 2012) (granting leave to immediately schedule depositions and issue written discovery requests where a preliminary injunction request was pending); *Tenn. Guardrail, Inc. v. Tenn. Dept. of Transp.*, 2011 WL 5153086, at *4–5 (M.D.Tenn. Oct.28, 2011) (setting a preliminary injunction hearing and ordering expedited discovery to take place in advance of the hearing); *USEC Inc. v. Everitt*, 2009 WL 152479 (E.D.Tenn. Jan.22, 2009).

Here, a preliminary injunction is pending. (Plaintiff's Motion for Ex Parte Temporary Restraining Order) (hereinafter, "Plaintiff's Motion"). Plaintiff has moved this Court for an injunction prohibiting MMC from requesting that she attend the rotations in the facilities located outside of Nashville. (Plaintiff's Motion). Plaintiff is scheduled to participate in six clinical rotations. (Declaration of Ronette Adams-Taylor, ¶ 5). Given the rotation schedule, Plaintiff's requests will arise repeatedly throughout the course of the semester because more than one of her Fall semester clerkships are located outside of Nashville. (Declaration of Ronette Adams-Taylor, ¶ 5). Given the frequency with which Plaintiff is expected to travel to attend her scheduled rotations, MMC should be granted the opportunity to proceed with discovery on an expedited basis. Otherwise, the parties can be expected to repeatedly litigate requests for injunctions, thereby permitting Plaintiff to use the pace of the litigation process to bypass MMC's scheduled curriculum, which would render the enforcement of its rotation schedule moot.

## **CONCLUSION**

MMC seeks discovery within a timeframe reasonable to the circumstance. For the foregoing reasons, Defendant's Motion for Expedited Discovery and Case Management Conference should be granted.

Respectfully submitted,

s/ Mark A. Baugh
Mark A. Baugh, BPR No. 015779
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Telephone (615) 726-5600
Facsimile (615) 744-5760

*Attorney for Defendant*
*Meharry Medical College*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2019, a copy of the foregoing *Defendant's Motion and Memorandum of Law in Support of its Motion for Expedited Discovery and Case Management Conference* was filed electronically. Notice of this filing will be served by operation of the Court's electronic filing system to counsel for parties below. Counsel for parties may access these filings through the Court's electronic filing system:

Joyce Williams Cooper
Lloyd David Ronin
Agee Owens & Cooper, LLC
110 N. Spring Street, Suite 100
McMinnville, TN 37110

*Attorneys for Plaintiff*

s/ Mark A. Baugh
Mark A. Baugh