IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SARAH MARIA PAULA ALICIA MOSELEY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MEHARRY MEDICAL COLLEGE, | ) ) ) |
| Defendant. | ) |

NO. 3:19-cv-00608
JUDGE RICHARDSON

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Plaintiff's Motion for *Ex Parte* Temporary Restraining Order (Doc. No. 23), to which Defendant has filed a Response (Doc. No. 25), as ordered by the Court (Doc. No. 24). For the reasons stated herein, Plaintiff's Motion for *Ex Parte* Temporary Restraining Order is **DENIED**.

Also pending before the Court is Defendant's Motion for Expedited Discovery and Case Management Conference (Doc. No. 27), which is **GRANTED**. The case is referred to the Magistrate Judge to determine a schedule for expedited discovery and case management.

## BACKGROUND

Plaintiff Mosely is a medical student at Defendant Meharry Medical College. She filed this action alleging violations by Defendant of the Americans with Disabilities Act ("ADA")[1] and sought a Temporary Restraining Order ("TRO") prohibiting Defendant from assigning her to a

---

[1] Although Plaintiff's Complaint purports to be brought pursuant to Title III of the ADA (public accommodations), her claims against the school are appropriately brought pursuant to Title II (public services). Under Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, program, or activities of a public entity, or be subject to discrimination by any such entity." 42 U.S.C. § 12132.

surgical rotation clerkship in Detroit, Michigan or anywhere outside the Nashville area. The Magistrate Judge recommended that the TRO be granted, but by the time it was fully briefed, the relief sought in the TRO was moot. (Doc. No. 21).

Plaintiff has now requested a different TRO, this time asking the Court to prohibit Defendant from "expelling" her and to order Defendant to allow her to continue her medical education. (Doc. No. 23). Plaintiff requests an order "that Plaintiff be allowed to register and take her Internal Medicine Clerkship/Rotation, which starts Monday, September 23, 2019." (Doc. No. 23-6).

In response to Plaintiff's Motion, Defendant has filed the Declaration of Ronette Adams-Taylor, Associate General Counsel and Compliance Officer for Defendant. Ms. Adams-Taylor asserts: "Meharry has determined to excuse Plaintiff's failure to attend the DMC [Detroit Medical Center] Rotation, which ended on August 30, 2019, notwithstanding her refusal to interact with Meharry staff to identify a reasonable accommodation. Despite not attending the DMC Rotation, Meharry has allowed Plaintiff to continue her course work and to sit for the Subject Matter Boards. Despite not attending the DMC Rotation that ended on August 30, 2019, Meharry is allowing the Plaintiff to move forward with the next rotation." (Doc. No. 26).[2]

## **TEMPORARY RESTRAINING ORDER STANDARD**

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the

---

[2] The Court notes that this statement conflicts with (and apparently supersedes) the August 16, 2019 letter from the Dean of the School of Medicine to Plaintiff (Doc. No. 23-1), which stated that if Plaintiff did not report for her clerkship in Detroit, Defendant would enter an "incomplete" for her grade and she would not be eligible to participate in any subsequent rotations.

injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Abney v. Amgen, Inc*., 443 F.3d 540, 546 (6th Cir. 2006). When determining whether to issue a TRO, a threat of an immediate, irreparable harm must be present. Fed. R. Civ. P. 65(b)(1)(A) (requiring a court to examine, on application for a TRO, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant"); *Cunningham v. First Class Vacations, Inc.,* No. 3:16-CV-2285, 2019 WL 1306214, at *1 (M.D. Tenn. Jan. 11, 2019).

## ANALYSIS

Plaintiff asks the Court to order "that Plaintiff be allowed to register and take her Internal Medicine Clerkship/Rotation, which starts Monday, September 23, 2019." (Doc. No. 23-6 at 2). Defendant has stated that it is allowing Plaintiff to move forward with this next rotation. (Doc. Nos. 25 and 26). Thus, the relief requested by Plaintiff's Motion is already being provided.[3] To the extent Plaintiff claims she will be expelled on September 23, 2019, and will not be allowed to continue her medical education, Defendant has affirmatively stated otherwise. Therefore, Plaintiff's Motion for a TRO is moot.

Although Title II of the ADA does not require exhaustion of administrative remedies[4] or participation in an "interactive process,"[5] an exploration of settlement of the issues in this case would be prudent and apparently has not yet been adequately undertaken. Defendant asserts that

---

[3] Although Plaintiff does not in the current TRO motion ask this Court to impair any requirement that she serve a rotation in Detroit, the parties' dispute as to any such requirement does not appear to be resolved. The Court expects the parties to work together expeditiously and in good faith to try to resolve that issue.

[4] *Mitchell v. Cmty. Mental Health of Central Mich.*, 243 F. Supp. 3d 822, 833 (E.D. Mich. 2017).

[5] *Meeks v. Schofield*, 10 F. Supp. 3d 774, 891 (M.D. Tenn. 2014).

it provides an appeal process and procedure for any medical student who disputes her final grade. (Doc. No. 25 at 6). Defendant also claims it has an appeal process for medical students who face an adverse action based upon grades, licensure progress, and professionalism. (*Id.* at 7). There is no suggestion before the Court that Plaintiff took advantage of these appeal processes with respect to her complaints, which seemingly would be subject to these processes.

Accordingly, in addition to developing an expedited schedule for discovery and case management, the Magistrate Judge shall explore with the parties the possibilities of settlement, particularly with regard to the location of Plaintiff's clerkship rotations, and, if appropriate, order a judicial settlement conference.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE