IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SARAH MOSELEY, | ) | |
| Plaintiff, | ) ) ) | NO. 3:19-cv-00608 |
| v. | ) ) | JUDGE RICHARDSON |
| MEHARRY MEDICAL COLLEGE, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. No. 94), wherein she seeks summary judgment on her Americans with Disabilities Act claim. Defendant responded in opposition to the Motion, (Doc. No. 95), arguing that Plaintiff's Motion should be denied due to "Plaintiff's failure to include specific citations to the record [which] renders her motion for summary judgment unfit for judicial consideration." (*Id*. at 1).

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co*., 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion *and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts*. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003)

Defendant is correct that Plaintiff's Motion, her Memorandum in Support of the Motion (Doc. No. 94-1), and her Statement of Undisputed Material Facts (Doc. No. 94-2) all contain no specific citation to the record. In Plaintiff's "Reply to Defendant's Response to Plaintiff's Motion

for Summary Judgment" (Doc. No. 99), she concedes that "Plaintiff, by mistake, filed a Statement of Facts that was a draft, not the final version." (*Id*. at 1). She further contends that she "is separately filing a Motion for Leave to File a Corrected Statement of Facts, in response to Defendant's Motion to Strike." (*Id*.). The representation that Plaintiff intended to file a motion for leave to file a corrected statement of undisputed facts was made on November 26, 2021. Plaintiff has yet to file such a motion as of the date of this Order, over eight months later.

Further, the only citation to the record included in the entirety of Plaintiff's Memorandum in Support is located on page 3 of the Memorandum and contains only the words "See Movant's Affidavit." (Doc. No. 94-1 at 3). This is not a specific citation to the record, and "judges are not like pigs, hunting for truffles" that might be buried in the record (or somewhere in a particular document in the record). *See Emerson v. Norvartis Pharm. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011). "[I]t is not the court's job to scour the record for the requisite specific evidence . . . on [plaintiff's] behalf." *StarLink Logistics, Inc. v. ACC, LCC*, No. 1:18-CV-00029, 2019 WL 2341403, at *5 (M.D. Tenn. June 3, 2019) (Richardson, J.) (noting that the plaintiff merely cited to "Exhibit A" and did not cite to the page number of that document) (citation omitted). Accordingly, as the moving party on the Motion, Plaintiff has not met her "initial burden of . . . identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Rodgers*, 344 F.3d at 595.

Accordingly, the Court concludes that Plaintiff has failed to meet her initial burden as the summary judgment movant. Therefore, Plaintiff's Motion (Doc. No. 94) is DENIED. Defendant's Motion for Summary Judgment (Doc. No. 90) remains pending.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE